CHRISTOPHER BAKER
Attorney for the United States
Acting Under the Authority Conferred by
Title 28, United States Code, Section 515
STEVEN W. MYHRE
Assistant United States Attorney
Nevada Bar No. 9635
DANIEL CLARKSON
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada  89101
Phone: 702-388-6336
steven.myhre@usdoj.gov
*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:19-cr-00304-RFB-VCF |
| Plaintiff, | |
| vs. | **Government's Motion For Pretrial Status Conference** |
| LATONIA SMITH, | |
| Defendant. | |

CERTIFICATION: This Motion is timely filed.

The United States respectfully moves for a Pretrial Status Conference pursuant to Rule 17.1, Federal Rule of Criminal Procedure, all in connection with the Court's most recent 4241 Order. As set out below, the government understands that, as of the date of this filing, defendant Smith has not been moved to a Bureau of Prison's (BOP) facility for her court-ordered competency evaluation because of logistical restraints arising from the COVID-19 pandemic and defendant's medical status. While the government understands that her movement to a BOP facility is imminent, it is unlikely that the evaluation will be completed within the time-frames contemplated by the Court's orders setting the deadlines

for the psychologist/psychiatrist report and evaluation, the 4241 competency hearing, and the *Faretta* hearing.

Accordingly, the government respectfully requests a status conference to update the Court with its most recent information and address any scheduling issues arising from the logistical difficulties attendant to moving the defendant to a BOP facility. The following Memorandum applies.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.  Procedural Posture.**

On August 10, 2020, and following a government motion and Court hearing on the motion, the Court entered an Order directing an evaluation of defendant's competency to stand trial pursuant to Title 18, United States Code, Section 4241 and 4247. ECF No. 113. The Court's 4241 Order required that the psychiatrist or psychologist designated to conduct the examination file a report with the Court under seal by September 5, 2020. *Id*.

Also pending before the Court is defendant's motion to proceed *pro se*. In connection with that Motion, the Court set September 22, 2020, for a *Faretta* hearing on the motion. ECF No. 112.

Further, the trial of this matter is presently set for October 19, 2020, with Calendar Call set for October 13, 2020. ECF No. 97. Both settings – the trial and *Faretta* hearing – contemplate that the 4241/4247 competency evaluation and hearing would be completed by those dates.

Immediately following the entry of the Court's 4241 Order of August 10, the defendant was designated to a BOP facility in California for evaluation. Notwithstanding the designation, the United States Marshals Service (USMS) has encountered logistical difficulties in moving the defendant to the facility for evaluation by a qualified

psychiatrist/psychologist. Based on discussions with USMS personnel, it is the government's understanding that the difficulties are owing to a combination of COVID-19 restrictions and lack of availability of aircraft to transport the defendant due to the medical circumstances of her case, all resulting in unavoidable delay.  The government understands that defendant's movement to the designated BOP facility is imminent but the precise date cannot be disclosed publically due to security considerations.

Given the delays attendant to moving the defendant, the target dates established under the Court's present scheduling orders are unlikely to be met.

**B.     Legal Standard.**

Rule 17.1 provides that, upon motion by a party, the Court "may hold one or more pretrial conferences to promote a fair and expeditious trial." Fed. R. Crim. P. 17.1.

Title 18, United States Code, Section 4247, provides, in part, that:

> For purposes of an examination pursuant to an order under section 4241 . . . the court can commit the person to be examined for a reasonable period, but not to exceed thirty days . . . . The director of the facility my apply for a reasonable extension, but not to exceed fifteen days under Section 4241 . . . .

**C.     Discussion.**

The government submits this pleading to provide the most recent status regarding the defendant's competency evaluation and notice that the scheduling dates contemplated by the Court's orders issued in connection with the 4241 hearing are unlikely to be met despite the best efforts of the USMS to move the defendant timely to the nearest BOP facility. Further, the thirty-day window established in Section 4247 to accomplish the evaluation contemplates that the defendant be "committed" to the BOP facility, which has not yet occurred as a result of the delay attendant to moving the defendant.

Accordingly, the government requests a status conference to adjust the schedule in light of the information available to the government. In lieu of a conference, and contingent on the Court's preference, the government can provide periodic written status when it has more definitive information about the status of defendant's travel/movement.

**WHEREFORE,** for all the foregoing reasons, the government respectfully requests that the Court accept the government's status report and set the matter for a status conference with the parties at a date and time convenient to the Court or, alternatively, set the matter for further written status by the government as more information becomes available.

**DATED** this 9th day of September, 2020.

Respectfully submitted,

CHRISTOPHER D. BAKER
Attorney for the United States

*/s/ Steven W. Myhre*
STEVEN W. MYHRE
Assistant United States Attorney