Latonia Smith
888 Gold Road
HEAVEN



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America, 4 or CEL/PAWN/FENNEMORE
   Plaintiff
  -vs-
Latonia Smith,
   Defendant
   and
   Hostage

NO. 2:19-cr-00304-RFB-VCF-1

MOTION TO DISMISS COUNT ONE

1  Defendant, Latonia Smith, hereby moves this court for dismissal of count one charged by the
2  United States of America[1] on the grounds that (a) the accusation against Defendant, which Defendant
3  unequivocally denies, cannot survive under 18 USCS §876, (b) dismissal of the count further promotes
4  judicial economy, and (c) dismissal of the count prevents any further prejudice/burden to Defendant.
5  Defendant makes this motion in the absence of access to full resources to litigate/challenge occurrences
6  in her case, as described in footnote 1, and in the absence of effective assistance of defense counsel.[2]

---

[1] Defendant is sure there are many other things to challenge in her case that multiple ineffective counsel refused to do (or have not done), prejudicing Defendant since Defendant's detention handicaps participation in the case and an ability to assert legal rights.

[2] Despite several noted attempts to contact attorney listed for Defendant, for case standing and the remainder of discovery from phones taken from Defendant's family home (and any other additional/miscellaneous government discovery from March 20, 2020 discovery deadline) which may impact decisions on Defendant's experts/trial preparations, attorney still assigned to Defendant's case in the midst of Defendant's objections has refused all communications with Defendant, cutting Defendant off from the general happenings in her case (further supporting Defendant's self-representation requests and, at the very least, providing grounds for a Marsden motion). Of course, this is because attorney has been playing both sides of the fence (public pretender) and working against Defendant in this case. Defendant has a right to zealous representation which she obviously cannot get from Nevada attorneys (who are in with the judges and casinos -- a cancer invading the highest levels of the judicial system), folks (to protect identities) who worked with this system at all levels have confirmed this corruptional casino/judiciary cancer at the highest levels. White judge... black judge, white attorney... black attorney, white police... black police makes no difference because the whole system is corrupt and some so-called minority leaders who are supposed to bring balance/equality just go along to get along (would rather have an aware non-minority leader). SHAME SHAME SHAME.
Defendant has been adamant about getting to trial (anytime in this century, sarcastically) in the face of being detained pre-trial for nearly a year, contrary to vast high court opinions on the matter, due to white supremacist activist judges like Brenda, Richard, Victor, and the rest of Nevada judges [For example, see opinions in Stack v. Boyle : "from the passage of the Judiciary Act of 1789 1 stat 73, 91 to the present Federal Rules of Criminal Procedure, Rule 46(a)(1) federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to conviction (Hudson v. Parker 156 US 277, 285, 39). Unless this right to bail before trial is preserved, the presumption of innocence secured only after centuries of struggle, would lose its meaning." Justice Frankfurter) went on to state that "the practice of admission to bail is not a device for keeping persons in jail upon mere accusation until it is found convenient to give them a trial. The spirit of the procedure is to enable them to stay out of jail until a trial has found them guilty. Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense. To open a way of escape from this handicap and possible injustice, Congress commands allowance of bail for one under charge of any offense not punishable by death, FRCP 46 providing: "a person arrested for an offense not punishable by death shall be admitted bail"... before conviction." They go in their opinion discussing factors such as 'flight risk', stating "there will always be risks, it is just a gamble that our system assumes", the purpose of bail is to assess the least amount of restriction necessary to allow an accused their freedom while persuading them of the importance/weight of showing up to face the charges.]
So, my rights, which have already been violated under the eighth amendment/US constitution and the harm inflicted due to violation of those rights cannot be undone by this system (and specifically you people), only remedied via immediate release and/or trial (as requested multiple times). In terms you may understand, I would like to be treated like a caucasian (preferably one with money and power) and get to trial on the scheduled date, at the very least (because we all know that even that simple request is nothing compared to an actual caucasian who would not have spent a day in jail in the same circumstance, who would have had their case dismissed, or who would have only served 14 days in prison; excuse me, 11 days for good behavior (collegiate scandals). I am being subjected to cruel and unusual punishment simply for being black and refusing to accept responsibility for made up crimes by whites. Every time a white says they "fear a black person" or feel threatened by a black's refusal to no longer accept their supremacy, the black always has to die or face punishment. SHAME. So, I am unapologetically going to trial to proclaim partly that fact and defend myself. And then

## GOVERNMENT DISCOVERY SUPPORTS DISMISSAL OF COUNT ONE.

On November 4, 2019 and November 20, 2019, the government charged Defendant with one count of "knowingly causing to be delivered by the United States Postal Service... a communication containing a threat to injure the person of the addressee and another, to wit: a letter directed to S.R., stating among other things 'You do not deserve the air you breath... all will die... Pass along.'"
According to the criminal complaint filed on November 4, 2019, 'S.R.' is alleged government victim Samantha Radak. Focusing specifically on this charge, as scantily and incorrectly, detailed (according to government discovery) in a November 20, 2019 indictment against Defendant, it cannot survive under 18 USCS §876.
The government produced exhibit(s) showing anonymous letter(s) lined up next to the envelope(s) that the letter(s) was received in (as further alleged by Samantha Radak). Exhibit 00086 (Defendant does not have access to present the court with a copy herein but can do so at a later date/hearing perhaps) shows the anonymous letter as alleged in count one next to the alleged envelope that contained the letter. The envelope is <u>not</u> addressed to Samantha Radak, <u>nor</u> do the contents of the letter show that it is addressed to Samantha Radak, as charged by the government.
18 USCS §876(c) requires that threatening communications be addressed to a natural 'person'. In order to identify addressee, the court is not limited to directions for delivery on the outside of the envelope or on packaging, but also may look to the content of the communication. <u>United States v. Havelock 664 F.3d</u>. However, even the content of the alleged communication fails to address a natural 'person' under 18 USCS §876(c). The terms "you" and "all" used in the contents do not designate any particular natural 'person/s' to whom the letter is addressed as required by 18 USCS §876(c). Thus, even if the government <u>were</u> able to prove that Defendant knowingly mailed the letter and that the letter contained a threat (allegations that Defendant denies), Defendant would be unable to be convicted under 18 USCS §876(c). <u>See United States v. Havelock 619 F.3d 1091, 38 Media L. Rep. (BNA) 2249 (9th Cir. 2010) reh'g, en banc, granted, vacated, 645 F.3d 1083 (9th Cir. 2011), superseded, on reh'g, 664 F.3d 1284, 40 Media L. Rep. (BNA) 1129 (9th Cir. 2012).</u> Defendant's conviction for six counts of mailing threatening communication in violation of 18 USCS §876(c) was reversed because §876(c) required that mailed item containing threat be addressed to individual person, as reflected in address on outside of mailed item and his communications were addressed to media corporations and websites; although 1 USCS §1 defined 'person' to include corporations and associations, that definition applied unless context indicated otherwise and in 18 USCS §876(c) context required that 'person' meant natural person.

1  The government has alluded, in complaint, to attempting to use other letter(s) proffered up
2  by Samantha Radak to suggest that the alleged letter charged in count one was addressed to
3  her. However, multiple issues exist with this dangerous expansion of the charge:
4  (a) there is <u>no precedent</u> of prosecution using separate, unrelated, random, anonymous message/s
5      containing no threats (non-criminal in nature) simply to quell a deficiency in a charge
6      brought under 18 USCS §876 concerning a separate communication allegedly
7      containing a threat to a party.
8      The scope of the instant criminal case is limited to the charge brought against
9      Defendant which must, standalone, meet all requirements under 18 USCS §876(c).
10 (b) they fall <u>out of the purview</u> of 18 USCS §876(c) and further only 1 of those
11     letter/s is actually addressed to Samantha Radak. Defendant was not charged
12     under 18 USCS §876(c) with the anonymous letter/s found in government exhibit/s
13     00084 and 00088. None of those exhibited letter/s contain threats which would be
14     supportive in including them in a charge against Defendant/using them to quell the
15     deficiency in the charge. Further, 00088 shows a letter/s addressed to no one (no natural
16     person) and 00084 is the only letter addressed to Samantha Radak (again sans
17     threat/s).
18 (c) Even if the government <u>were</u> able to prove that the letter/s (sans any threats) in
19     exhibits 00084 and 00088 were sent by Defendant (Defendant denies any and all
20     accusations of mailing anonymous letters whether considered criminal or non-criminal
21     in nature) they would still have to prove that the letter that they charged
22     Defendant with under 18 USCS §876(c) met all of the requirements to support the
23     charge under the statute (Defendant is arguing they could not since it is not
24     addressed to a natural person) because simply proving the former would not
25     automatically negate the fact that the letter charged in count one
26     could be attributed to someone other than Defendant.
27 To fall under the purview of §876(c), communication must meet 3 requirements;
28 first requirement, " with or without name or designating mark subscribed thereto,
29 " addresses specific component of communication, signature; by contrast, second and third
30 requirements, "addressed to any <u>other person</u> and containing any threat to kidnap
31 any person or any threat to injure person of addressee or of another " refer to the
32 whole of the communication, with 'other person' meaning a person other than Defendant.

1  **DISMISSAL PROMOTES JUDICIAL ECONOMY.** *due to limitations defendant cannot cite case law but knows it exists*
2  Dismissal of count one, which cannot survive under 18 USCS §876(c) promotes the judicial
3  economy by saving excess court/government time and resources that would otherwise be
4  exhausted in pursuing and defending the claim (streamlining and simplifying trial issues),
5  especially in the current COVID-19 climate; less risk of virus transmission by dismissal
6  of the count also promotes the judicial economy because 1 person infected with COVID-19
7  can transmit the virus to up to 4 other people. Dismissal of count one based on its
8  deficiencies eliminates an alleged government witness and thus decreases the risk of
9  virus transmission amongst the judiciary, jury, parties, and court staff.
10 **DISMISSAL PREVENTS ANY FURTHER PREJUDICE/BURDEN TO DEFENDANT.** *due to limitations defendant cannot cite case law but knows it exists.*
11 Dismissal of count one, which cannot survive under 18 USCS §876(c) eliminates the
12 need for Defendant to exhaust limited time/resources, which could go to other issues in
13 the case. Defendant also should not be prejudiced with having to defend a false
14 charge made by the government (Government alleged in complaint and to grand jury
15 that threatening communication was addressed to Samantha Radak under 18 USCS §876(c),
16 which Defendant adamantly denied. Defendant should also not have to be burdened/
17 prejudiced by the mental distress of having to deal with or see Samantha Radak at a
18 trial (where it can be avoided) as she has continually lied on and attacked Defendant
19 with viscious accusations since 2017 causing Defendant (true victim of her lies)
20 actual damage and hospitalization.
21 **CONCLUSION.**
22 For the reasons set forth herein (Defendant reiterates that exhibits 00086, 00084, and
23 00088 cannot be copied for inclusion herein due to limitations), Defendant requests
24 that the court, exceptionally (due to ineffective counsel), grant her motion for
25 dismissal of count one. Defendant intends, and is prepared, to defend against
26 counts two through five (and whatever else is made up) on October 19, 2020³ and
27 further finds that this motion for dismissal proffers further good cause for release
28 pending such trial.

dated this 9th day of September 2020

*/s/ Latonia Smith*
Latonia Smith,
Pro Se

---

3 Defendant also agrees to a virtual trial to avoid further excuses on why she can't go to trial



Latonia Smith
2190 E. Mesquite Ave.
Pahrump, NV 89060
return-service requested

Lloyd D. George Federal Court
Attn: Clerk of Court (file enclosed)
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

FILED ___ ENTERED
___ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 11 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

This correspondence originated from a detention facility. The facility is not responsible for the contents herein.

LEGAL MAIL