Gwynne R. Dumbrigue, Esq.
Nevada Bar No. 10031
GRD Law Group, LTD.
1819 E. Charleston Blvd., Ste. 101
Las Vegas, Nevada 89104
attorneydumbrigue@gmail.com

Telia Mary U. Williams, Esq.
Nevada Bar No. 9359
Law Office of Telia U. Williams
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Tel: (702) 835-6866
telia@telialaw.com

*Attorneys for Defendant,*
*Latonia Smith*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:19-cr-00304-RFB-VCF-1 |
| Plaintiff, | |
| vs. | **DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE W.B.'S SEXUAL ASSAULTS AGAINST DEFENDANT** |
| LATONIA SMITH, | |
| Defendant. | |

Latonia Smith, by way of her counsel, Telia Mary U. Williams, Esq., and Gwynne R. Dumbrigue Esq., hereby files her Opposition to the Government's Motion in Limine to Preclude W.B.'s Sexual Assaults Against Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTS**

On or about June 4, 2019, after a Temporary Protective Order hearing filed by W.B. and S.B. against Latonia in a state court in Reno, Nevada, W.B. sexually assaulted Ms. Smith.  Ms.

Smith has stated from the beginning that W.B. sexually assaulted her and has never wavered in her testimony to whomever would listen, including the Reno Police Department where she filed a police report.

Ms. Smith further filed a Temporary Protective Order for Sexual Assault against W.B. in the same state court in Reno, Nevada, which incidentally is one of the Government's own exhibits.

Ms. Smith also filed a police report in Las Vegas, Nevada, for the sexual assault.

And on or about October 31, 2019, W.B. sexually assaulted Ms. Smith again at his apartment in Reno, Nevada, where Ms. Smith had been invited by W.B. that day.

## ARGUMENT

**1. Ms. Smith has a Sixth Amendment right to confront her accusers and to attack their credibility and their motives; and a denial of this right to cross-examine the witnesses against her (and to present her own witnesses) regarding W.B's sexual assaults against Ms. Smith – which is germane to her defense in this instant case – is so prejudicial to Ms. Smith that it is in effect a denial of Ms. Smith's right to a fair trial.**

The Sixth Amendment of the United States Constitution provides a Defendant accused of a crime the right to confront their accusers. In *Mattox v. United States*, 156 U.S. 237 (1985), the Supreme Court enunciated that a Defendant has a Constitutional right to confront his accusers via cross-examination. Here, W.B. has alleged that Ms. Smith assaulted him at his apartment on October 31, 2019, among other allegations, which Ms. Smith fervently denies. Ms. Smith has a Constitutional right to confront these allegations lodged against her and to proffer the true facts of that incident and W.B.'s sexual assault against her on that day and on other occasions.

From the beginning, Ms. Smith has alleged that W.B. had sexually assaulted her on or about June 4, 2019 and Ms. Smith has never wavered from her assertions.

1   Indeed, Ms. Smith filed a police report with the Reno Police Department and further filed
2   a Temporary Protective Order for Sexual Assault against W.B. in a state court in Reno, Nevada,
3   which incidentally is one of the government's own exhibits.
4   Ms. Smith also filed a police report in Las Vegas, Nevada, for the sexual assault of June
5   4, 2019.
6   The sexual assaults by W.B. against Ms. Smith are therefore germane to Ms. Smith's
7   defense against her accusers' allegations. Ms. Smith's questioning of W.B. and the other
8   government witnesses attack the credibility of W.B. (and the other witnesses), as well as calls
9   into question W.B.'s motives to protect himself and to fabricate his alternate version of events
10  both on June 4, 2019 and on October 31, 2019. *Cf.*, *United States v. Door*, 663 Fed. Appx. 570
11  (9th Cir. 2016) (Testimony by survivor of prior sexual assault was admissible to show
12  defendant's propensity to commit sexual assault of which he was accused.) In *Door*, although
13  the court was expressly dealing with Federal Rules of Evidence 413, it undertook another
14  analysis, as well: It expressly took on Rule 403 and the fact that a court may exclude relevant
15  evidence if its probative value is substantially outweighed by a danger of unfair prejudice,
16  confusing the issues, misleading the jury, undue delay, wasting time, etc. *See* Fed. R. Evid. 403.
17  The *Door* court cited to *Le May*, which upheld admission of a similar prior crime of a witness
18  because the defendant "attacked the credibility" of the accuser and "thereby capitalized on the
19  lack of eye witness and expert testimony." *See Door*, 663 Fed. Appx. at 573 (citing *United*
20  *States v. LeMay*, 260 F.3d 1018, 1029 (9th Cir. 2001)). As *Door* concluded, "the relevance of the
21  prior act evidence *is in the details*." (citing *Le May*, 260 F.3d at 1029) (Emphasis added).
22  Indeed, in *U.S. v. Dillon*, 532 F.3d 1379 (5th Cir. 2008), the Court stated that "[t]he
23  Federal Rules of Evidence allow the admission of evidence of prior sexual assaults for <u>any</u>

6

relevant purpose." *See id.* (That includes *propensity* in sexual assault cases, as well).

The fact that W.B. or the government's other witnesses may deny any sexual assault against Ms. Smith by W.B. is not evidence that the sexual assaults against her did not occur. *See AZ v. Shinseki*, 731 F.3d 1303 (Fed. Cir. 2013) (Absence of service record documenting unreported sexual assault was not evidence that sexual assault did not occur). Rather their denial or differing testimony, this is a matter of credibility for the trier of fact to decide. *See, e.g., Raether v. Dittmann*, 40 F.Supp. 3d 1097 (E.D. Wis. 2014) ("As is not uncommon, there was no eyewitness to the alleged sexual assault, and there was no forensic or scientific evidence. Thus, the trial was a credibility contest.")

Further, Ms. Smith's Constitutional right to confront her accusers about the sexual assaults of W.B. against her goes directly to the fact of their bias as well as the source and strength of said bias. In *United States v. Abel*, 469 U.S. 45 (1984), the Court held that a witness being in a prison gang was sufficiently probative of potential bias toward defendant to warrant its admission into evidence. *See* id. at 49-56. The *Abel* Court stated that, "while the Federal Rules of Evidence do not by their terms deal with impeachment for 'bias,' it is clear that the Rules do contemplate such impeachment." The Court also stated that the District Court did not abuse its discretion under Federal Rule of Evidence 403 in admitting the full description of the prison gang and its tenets. The attributes of the prison gang bore directly not only on the *fact* of bias but also on the *source* and *strength* of the bias. *See id.* at 53-55 (Emphases in original)

Therefore, Ms. Smith should be allowed to confront her accusers – to attack their credibility, their motive, their bias, and the source and strength of said bias, and further, to proffer the truth of what really happened and to establish and properly her defense of the charges against her. A denial of this right to confront and question witnesses about the sexual assaults

1 committed by W.B. against her is in essence a denial of Ms. Smith's right to a fair trial.

2    **2. Questioning of witnesses as to their personal knowledge, if any, regarding the sexual assaults by W.B. against Ms. Smith is permissible and not hearsay if the proffered answer is not being offered for the truth of the matter asserted but for some other reason such as the state of mind or present sense impression of Ms. Smith or the affiants themselves and also where an exception to hearsay exists.**

Questioning of the government's witnesses regarding the sexual assaults by W.B. against Ms. Smith in and of itself is not hearsay as the answer elicited is not being offered for the truth of the matter asserted but to show the affiant's state of mind or present sense impression. Testimony of the sexual assaults by W.B. against Ms. Smith is also permissible where an exception to hearsay exists such as if heard through an excited utterance or an admission by a party opponent or any of the other exceptions outlined Rule 803.  Therefore, the government's motion to preclude such questioning of witnesses of the sexual assaults against Ms. Smith by W.B. as generally hearsay is a fallacious argument and the issue needs to be decided on an individual question basis.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Wherefore, for all the foregoing reasons, Latonia Smith respectfully requests that the Court deny the government's motion to preclude the questioning of witnesses and/or any statements or representations to the jury related to allegations of sexual assaults or a sexual personal relationship between Ms. Smith and W.B.

DATED this 13th day of April, 2021.

Respectfully submitted,

/s/ Gwynne R. Dumbrigue, Esq.
_____
GWYNNE R. DUMBRIGUE, ESQ.
GRD Law Group, LTD.
1819 E. Charleston Blvd., Ste. 101
Las Vegas, Nevada 89104

TELIA MARY U. WILLIAMS, ESQ.
Law Office of Telia U. Williams
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145

*Attorneys for Defendant,*
*Latonia Smith*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the following date the foregoing motion was electronically filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Dated: April 13, 2021

/s/ David DaSilva
_____
For the Law Office of Telia U. Williams