Telia Mary U. Williams, Esq.
Nevada Bar No. 9359
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Tel: (702) 835-6866
telia@telialaw.com

Gwynne R. Dumbrigue, Esq.
Nevada Bar No. 10031
GRD Law Group, LTD.
1819 E. Charleston Blvd., Ste. 101
Las Vegas, Nevada 89104
attorneydumbrigue@gmail.com
*Attorneys for Defendant,*
*Latonia Smith*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LATONIA SMITH,<br><br>Defendant. | Case No.: 2:19-cr-00304-RFB-VCF-1<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE AS TO INEXTRICABLY INTERTWINED EVIDENCE OR AS RELEVANT UNDER FED. R. EVID. 404(B)**<br><br>**ECF NO. 166** |

Certification:  This opposition is timely filed.

Latonia Smith, by way of her counsel, Telia Mary U. Williams, Esq., and Gwynne R. Dumbrigue Esq., oppose the Government's motion in limine seeking to enter into evidence 1) communications allegedly received by S.R. on Facebook, a supervisor of Ms. Smith's mother at some point while she worked at Planet Hollywood.  The Government claims that this "relates" to the mailed communication which S.R. received that is the subject of Ms. Smith's charge in Count One, principally because the Facebook communications contain themes or threats of

1

racism, and began approximately a month after Ms. Smith's mother's termination; 2) The Government also proffers anonymous mailings that S.R. purportedly received before this in December 2017 and May 2018 that apparently include similar accusations of racism, insults, etc. The Government asserts that these communications must be from Ms. Smith because they "included details about the mother's termination that were not generally known to others and bespeak of a relationship between the sender and the terminated employee." *See* Government's Motion, at page 4, lines 5-6. But this is reaching. How can S.R., who apparently admits that she "cannot identify the sender of these communications," be able to testify that she is certain—under a preponderance of the evidence standard—that these communications come from the defendant? It does not rise to the level of preponderance of the evidence. *Cf., Huddleston v. United States*, 485 U.S. 681 (1988) (Other acts evidence must be established by preponderance of the evidence).

      The inherent reliability of this evidence renders it disallowable. The statements are not confirmed to be Latonia Smith, are sent apparently anonymously, or with a nom de plume, and do not reference the letters mailed. Nothing indicates that these Facebook postings are part of the same transaction or occurrence. Anyone could have posted those communications. The internet is widely accessible, and Caesar's has 54,000 employees, a critical number of which would know the details of Ms. Smith's mother's termination, particularly as a lawsuit was contemplated or pending, and others of Ms. Smith's mother's fellow employees apparently felt the same way about SR as the writer(s) of the Facebook messages—as Ms. Smith's mother is prepared to testify.

      This is just not a sufficient basis upon which the Government can properly hang its hat, appending these random writings to Ms. Smith. Without a reliable foundation, this hearsay

2

evidence of random Facebook hate posts to individuals associated with Caesar's is objectionable. There is not sufficient evidence to support a finding here by the jury that the defendant, Ms. Smith, committed these "similar" acts. All it will do is confuse the jury at best, and at worst, lead the jury to assume that because the victims received other alleged, anonymous threats (or "nastygrams," since most of them are not true threats) from some person, that it must be Ms. Smith who is doing all of it. That is unacceptable.

In *Gilbert*, a case involving a capital murder prosecution, the United States District Court for the District of Massachusetts entered in limine orders excluding certain evidence, and the United States brough an interlocutory appeal. *See United States v. Gilbert*, 229 F.3d 15 (1st Cir. 2000). The First Circuit held that the district court did not abuse its discretion in (1) excluding evidence of defendant's attempted murder of her husband, and (2) the district court did not abuse its discretion in excluding evidence of anonymous bomb threat that the defendant supposedly had phoned in to hospital police office. The appellate court concluded that the introduction of such evidence would serve only to show that the defendant was a person of bad character who, in doing these extrinsic (uncharged) acts, acted in accordance with the crimes charged. *See generally, Gilbert, id.* at 19-20. This is not permissible. "There is always some danger that the jury will use Rule 404(b) other act evidence not on the narrow point for which it is offered but rather to infer that the defendant has a propensity towards criminal behavior." *Gilbert,* at 25 (citations and internal brackets and quotations omitted). That is the case here, and the evidence should be excluded.

(3) The Government also seeks to enter evidence regarding Ms. Smith's email to Advanced Psychiatry, Inc. This evidence should also be excluded, and such evidence is already globally addressed in the defendant's Motion in Limine, "Motion in Limine to Preclude

3

Evidence of Competency Evaluation or Mental Health of Defendant." *See* ECF No. 185. The arguments presented there are respectfully incorporated herein. In addition, though, the defendant would note that attaching a label of mental disorder—or seeking mental health treatment—is a powerful means to discredit a person. Doing so casually here, in the ostensible effort to show "proof of criminal mindset," (*see* Government's motion, at page 5, line 22, ECF No. 166), is entirely off-base. A person may write all manner of things to a physician, in the hopes and efforts to get a diagnosis and treatment. Moreover, allowing someone's confidential communication (not a threat) to a health facility, or to a doctor or hospital, seeking *treatment,* to be used against that person in a criminal trial goes beyond the pale.

Dated this 13th day of April, 2021.

Respectfully submitted,

LAW OFFICE OF TELIA U. WILLIAMS
/s/ Telia Mary U. Williams, Esq.
Telia Mary U. Williams, Esq.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

Gwynne R. Dumbrigue, Esq.
GRD Law Group, LTD.
1819 E. Charleston Blvd., Ste. 101
Las Vegas, Nevada 89104
*Attorneys for Defendant, Latonia Smith*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the following date the foregoing motion was electronically filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Dated: April 13, 2021

*/s/ David DaSilva*
_____
For the Law Office of Telia U. Williams