Telia Mary U. Williams, Esq.
Nevada Bar No. 9359
Law Office of Telia U. Williams
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Tel: (702) 835-6866
telia@telialaw.com

Gwynne R. Dumbrigue, Esq.
Nevada Bar No. 10031
GRD Law Group, LTD.
1819 E. Charleston Blvd., Ste. 101
Las Vegas, Nevada 89104
attorneydumbrigue@gmail.com

*Attorneys for Defendant,*
*Latonia Smith*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>LATONIA SMITH,<br><br>        Defendant. | Case No.: 2:19-cr-00304-RFB-VCF-1<br><br>**DEFENDANT'S AMENDED PROPOSED VOIR DIRE QUESTIONS** |

Certification:  Defendant's proposed jury questions for court inquiry are timely filed.[1]

   Defendant Latonia Smith, by way of her counsel, Telia Mary U. Williams, Esq., and Gwynne R. Dumbrigue, Esq. requests that the court include the following questions in its voir

---

[1] These proposed voir dire questions were initially proposed and filed in this case in July 2020, and are thus, herein amended.

1

dire of the prospective jurors in this case.  Ms. Smith also seeks leave of the court to ask appropriate follow-up questions based on individual juror's responses to the court's questions.

**I.      Voir Dire Topics**

Ms. Smith proposes the following topics for voir dire,:

A. Introductory questions

B. Pretrial publicity

C. Former service as juror or witness

D. Military service

E. Opinions about media

F. Experience with criminal justice system

G. Opinions about attorneys/court/law

H. Opinions of firearms [if applicable]

I. Presumption of innocence and proof beyond a reasonable doubt

J. Credibility of witnesses

K. Opinions about law enforcement

L. Uncharged conduct

M. Fifth Amendment

N. Miscellaneous

**II.     Voir Dire Specifics**

Defense respectfully requests that the court address the following specific issues or questions:

A. **Introductory questions**

1. Introduction of counsel for the government, the defendant, and her counsel, and whether any of the same are known to any prospective juror present in court

2. Names of witnesses who may be called in this case

3. Explaining the voir dire process and the reasons that personal questions are being asked of the jurors

4. Informing the jurors that questions asked are not to imply that they may be unfair or biased, but to determine rather, whether, due to personal experience, a potential juror may be better suited to serve on a different type of case

5. Informing the jurors that there are no correct or incorrect answers to these questions, and that the court wants the jurors' candid answers about their personal beliefs and life experiences

6. Explaining that any member of the venire panel who is uncomfortable answering a question in front of the entire panel may request to speak with the court and counsel in private

7. Explaining the need to put aside any stereotypes or bias with respect to race, gender, or religion, and any unconscious bias.[2]

8. Obtaining the following information from each prospective juror:

   a. marital status

---

[2] Unconscious bias are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. *United States v. Palafox* (Vagos), 2:16-cr-265-GMN-CWH (Unconscious bias instruction); Definitions modified by combining writings and comments by Harvard Professor Mahzarin Banaji; Jerry Kang, et. al, Implicit Bias in the Courtroom, UCLA Law Review, June 30, 2012; Irene V. Blair, The Malleability of Automatic Stereotypes and Prejudice, 6 Personality & Soc. Psychol. Rev. 242 (2002) (cumulating research on value of instruction to suppress stereotype); Jennifer K. Elek & Paula Hannaford-Agor, Can Explicit Instructions Reduce Expressions of Implicit Bias? New Questions Following a Test of a Specialized Jury Instruction, National Center for State Courts (April 2014).

b. occupation, and if retired, last occupation

c. occupation of spouse/significant other, and if divorced or widowed, occupation of former spouse

d. number of children and occupation of each

e. whether any relative or close friend sought, and/or has received employment with any local, state, or federal law enforcement agency, including, but not necessarily limited to, any United States Attorneys' Office, any District Attorney's Office, the United States Postal Service, the Las Vegas Metropolitan Police Department (LVMPD), Reno Police Department, and/or any police or sheriff's department

f. highest level of formal education completed, and in what area of study, or, if a current student, the degree(s) and/or certification(s) being pursued, and area(s) of study and/or training

g. involvement in civic, social, religious (including church, synagogue, temple, and/or mosque), political, trade, and/or professional organizations, clubs, or associations

h. any concern about sitting on a jury with precautions taken for Covid-19

i. any hardships, including financial hardships, and hardships associated with Covid-19, that would make jury service difficult

j. any difficulty understanding written or spoken English

k. any physical limitations, including vision, hearing or medical problems that would make jury service difficult

l. whether the prospective juror could set aside any personal beliefs or opinions that may differ from the court's instruction on the law

m. whether the prospective juror could respect the views and opinions of other jurors who may hold different views and opinions of the evidence during deliberations

n. whether any prospective juror has any association (broadly defined), and/or if any prospective has a relative or friend with any association, with the law firm Fennemore Craig, P.C.

o. whether any prospective juror has any association (broadly defined) with Las Vegas Justice Court, Reno Municipal Court,

4

Reno Justice Court, and/or the United States District Court of Nevada, and/or any personnel who work with those courts (including, but not limited to, any judges, court clerks, law clerks, etc.), and/or the courthouses associated with those courts

p. whether any prospective juror, and/or any relative or friend of any prospective juror, has any association (broadly defined) with the United States Postal Service or the United States Postal Inspection Service

q. whether any prospective juror, and/or any relative or friend of any prospective juror, has any association (broadly defined) with Caesars Entertainment Corp. and/or Caesars Hotel and Casino, or Planet Hollywood Resort, including, and/or any person who has ever worked for, the same, including, but not limited to, Samantha Radak

r. whether any prospective juror, and/or any relative or friend of any prospective juror, has ever worked for the Equal Employment Opportunity Commission (EEOC) and/or the Nevada Equal Rights Commission (NERC)

s. whether any prospective juror, and/or any relative or friend of any prospective juror, has ever worked in Human Resources, or in the personnel department of any organization or entity

t. whether any juror has been the victim of a crime, particularly sexual assault, and if so, the details regarding it (if comfortable)

**B.    Pretrial publicity**

1. Do you recall reading, seeing, or hearing anything about an incident being written in the newspapers, and/or reported on the television news, and/or by internet or radio, regarding any person allegedly sending threatening letters by mail to individuals at a law firm and/or a hotel supervisor in Las Vegas, anytime between 2018 through 2019?

    a. If yes, what you read, seen, or heard?

    b. Does what you have read, seen, or heard influence you one way or the other, in favor of one side or the other, in this case?

2. Do you recall reading, seeing, or hearing anything with the names Latonia Smith, Medina Sinclair, Aus Riley, Annecer Peruzar, and/or any witness

in this case on any social media site (including, but not necessarily limited to, Facebook, Twitter, Instagram, MyLife, and/or any other site)?

C. **Former service as juror or witness**

    1. Has anyone ever served as a juror in a criminal or civil trial?

        a. If yes, what type of case?

        b. Did you reach a verdict?

        c. Is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case? Please explain.

    2. Has anyone ever served as a grand juror deciding whether criminal charges are to be brought against an individual?

        a. If yes, is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case? Please explain.

    3. Has anyone ever participated in a civil or criminal trial or other proceeding as a witness?

        a. If yes, please tell us about that experience.

        b. If yes, is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case? Please explain.

D. **Military service**

    1. Has anyone served in any military branch?

        a. If yes, what branch?

        b. Do you have any experience with military police, military tribunals, or administrative hearings?

6

   c. Were you in combat or ever placed in a position where you had to take or attempt to take a human life?[3]

E. **Opinions about media**

 1. What is your main source of news (newspaper, television, radio, internet, word of mouth, etc?)

 2. Which newspapers, magazines, radio stations, and/or online publications, do you regularly read or listen to?

 3. Do you follow any television shows on a regular basis?

   a. If so, which shows?

   b. How might those shows affect your perception or opinions, if at all, if you were a juror in this case?

F. **Experience with criminal justice system**

 1. Have you or anyone close to you ever experienced a crime?

   a. If yes, who, and what was the crime?

   b. Was anyone arrested, charged, or indicted for that crime?

   c. What was the outcome of that case?

   d. What are/were your feelings about the outcome?

 2. Have you ever been a witness to a crime?

   a. If yes, please explain.

 3. Have you ever received a threatening email or letter from an anonymous source?

   a. If yes, please tell us about that.

---

[3] Defendant <u>only</u> seeks this information if, for some reason, the Government is allowed, or anticipates placing in evidence concerning the uncharged conduct involving the B.B. gun at Wade Beavers' apartment.

4. Other than a traffic ticket, have you or any family members or close friend ever been accused of a crime, arrested for a crime, or convicted of a crime?

    a. If yes, please describe what happened.

    b. How do you feel about that experience today?

    c. Do you think that experience would affect you if you were a juror in this case? How might it affect you?

G. **Opinions about attorneys/court/law**

1. Have you ever had a bad experience with an attorney or law firm?

    a. If so, please explain what happened.

    b. How did you feel about the outcome?

2. Do you know any judges, criminal defense attorneys, or prosecuting attorneys on a professional or personal basis?

    a. If so, how do you know this person?

3. Do you know anyone who works or has worked in any area of the law, such as a bailiff, court reporter, paralegal, law clerk, court clerk, corrections officer, and/or prison worker?

    a. If so, please explain.

4. Do you and/or anyone in your family or among your close friends have experience, training, or education in law, criminal justice, and/or criminology?

    a. If so, please explain.

5. Have you, and/or anyone in your family or among your close friends ever sought a restraining order against any other person, or have been the recipient of a restraining order at any time?

6. Would anyone feel uncomfortable passing judgment on an attorney's credibility?

7. Would you be able to judge an attorney's testimony by the same standards as other witnesses?

H. **Opinions of firearms**[4]

1. Do you or anyone in your family own any firearms or BB guns?

    a. If yes, please describe the firearms or BB gun(s)

2. Have you received any training or experience in the use of firearms or BB guns?

    a. If yes, please describe the training and/or experience you have received or gained.

3. Do any of you believe that federal or state gun laws are too strict or too lenient?

    a. If so, why or why not?

4. Have you, any family member, or close friend belonged to any kind of anti-gun or pro-gun club or organization?

    a. If so, please provide details.

5. Have you or anyone you know ever had a bad experience with a gun or any other type of weapon?

    a. If so, please explain.

6. What best describes your feelings or opinions about the following statement? *Keeping a gun for protection is just asking for trouble.*

    a. Agree strongly? Agree? Slightly agree? Disagree strongly? Slightly disagree?

7. Have you ever felt in fear for your life or the life of a loved one or friend?

    a. If yes, please briefly describe the event.

I. **Presumption of innocence and proof beyond a reasonable doubt**

1. If a person has been indicted for a crime, would you start out believing such a person is probably guilty?

---

[4] *See* footnote 3.

   a. If so, why or why not?

2. Who thinks that the defendant sits here today because the defendant must have done something wrong?

3. Do you think it is possible for a person who is not guilty to be arrested, charged with a crime, and brought to trial?

   a. If so, why or why not?

4. Under the American justice system, the defendant is not guilty unless and until the Government proves the truth of the charges beyond a reasonable doubt. Some people believe it should be the other way around, that a defendant should prove his or her innocence. *Does anyone feel like that?*

5. Does anyone believe that a defendant in a criminal case should be required to testify or produce some evidence that he or she is not guilty?

   a. If so, why?

6. If a defendant testifies or presents evidence, would you automatically not believe that testimony or evidence because it was produced by a defendant as opposed to the Government?

7. If you believe a defendant was probably guilty, but you could not say there was proof beyond a reasonable doubt, how would you vote?

**J.     Credibility of witnesses**

1. How many of you have had people tell you two different accounts of the same incident, and then tried to determine which one was telling the truth?

   a. If yes, how did you decide which one was telling the truth?

**K.     Opinions about law enforcement**

1. Have you, or any member of your family, or a close friend, ever called the police?

   a. If yes, who called, and for what reason?

2. Would you be more inclined to believe the testimony of a police officer, federal agent, postal agent, or other law enforcement officer over any other witness?

    3.    Do you believe that law enforcement officers jump to wrong conclusions less often than people who work in other types of jobs?

          a. If yes, why?

    4.    Do you think a law enforcement officer's eagerness to solve crimes or make a case could slant his or her view of things at times?
          a.    Why or why not?

    5.    Would anyone feel uncomfortable passing judgment on a law enforcement officer's credibility?

    6.    Would you be able to judge a law enforcement officer's testimony by the same standards as other witnesses?

**L.**    **Uncharged conduct**

    1.    You may hear evidence that the defendant may have allegedly committed an act for which she was not charged.  Does the fact that someone did something that she was not charged for, make you more likely to think she is guilty of the charges in this case?

    2.    In this case, you are not allowed to use previous bad acts by the defendant as evidence that she is guilty in this case.  Would anyone have difficulty with this?

          a.  If so, why?

    3.    If you believe that a defendant has done some bad things in the past, but you do not find that there is proof beyond a reasonable doubt of a charge in this case, what would your verdict be? How would you feel about voting not guilty?  Would anyone have any problem voting not guilty?

**M.**  **Fifth Amendment**

1. A person accused of a crime has the right under the Constitution to remain silent. Why do you think we Americans have this right?
2. The defendant in this case does not have to testify in her defense. Does anyone believe that this is unfair? Does anyone think that someone accused of a crime should be required to testify?

    a. Why or why not?

3. You will be instructed that the fact that a defendant does not testify may not influence your verdict in any way. How does that make you feel? Is there anyone who would have a hard time following an instruction that a defendant's not testifying cannot influence your verdict? Is there anyone who simply could not follow that instruction?
4. Is anyone going to be frustrated if you do not hear testimony from the defendant?

**N.**  **Miscellaneous**

1. As a result of any questions or responses you have heard, is there anything that has come up that anyone would like to add or to bring to the court's attention?
2. Based on our discussion, does anyone feel that this might not be the best jury trial for you to sit on?

Dated this 14th day of April, 2021.

                    Respectfully submitted,

                    LAW OFFICE OF TELIA U. WILLIAMS
                    /s/ Telia U. Williams, Esq.
                    Telia U. Williams, Esq.
                    10161 Park Run Dr., Ste. 150
                    Las Vegas, NV 89145

                    Gwynne R. Dumbrigue, Esq.
                    GRD Law Group, LTD.
                    1819 E. Charleston Blvd., Ste. 101
                    Las Vegas, Nevada 89104

                    *Attorneys for Defendant,*
                    *Latonia Smith*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the following date the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Dated: April 14, 2021

/s/ David DaSilva
_____
For the Law Office of Telia U. Williams