Telia Mary U. Williams, Esq.
Nevada Bar No. 9359
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Tel: (702) 835-6866
telia@telialaw.com

Gwynne R. Dumbrigue, Esq.
Nevada Bar No. 10031
GRD Law Group, LTD.
1819 E. Charleston Blvd., Ste. 101
Las Vegas, Nevada 89104
attorneydumbrigue@gmail.com

*Attorneys for Defendant,*
*Latonia Smith*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:19-cr-00304-RFB-VCF-1 |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION FOR A MISTRIAL, OR IN THE ALTERNATIVE, TO STRIKE THE TESTIMONY OF SHANNON PIERCE AND BIFURCATE THE TRIAL** |
| LATONIA SMITH, | |
| Defendant. | |

Latonia Smith, by way of her counsel, Telia Mary U. Williams, Esq., and Gwynne R. Dumbrigue Esq., respectfully request that the court declare a mistrial.

Government witness Shannon Pierce in her testimony today obdurately refused to answer a question by defense counsel regarding the threatening letter that she received while on the stand. The question was, "Do you have children?" Ms. Pierce, a lawyer, not only stated her "objection" on the record, without seeking a side-bar, but also expressed fear and consternation that the defendant, currently on trial, would put her in danger. This was dangerously prejudicial

1

to the defendant.  The jury had to be sent out while the parties discussed how the questions could be phrased to comport with Ms. Pierce's comfort level.  But it was too late to "unring" the bell. The jury understood that Ms. Pierce was afraid of the defendant *now*.  Not that she was afraid of the *letter* she received.

Additionally, as discussed in the defendant's motion for reconsideration, the defense learned that she would be unable to broach the issue of her June 4, 2019 sexual assault by Government witness, Wade Beavers, without opening the door to the October 31, 2019 assault (including evidence of the BB gun) until after her Opening Statement.  Defense counsel would have been able to strategize and discuss what evidence to present in Opening Statement with the defendant, in light of this ruling, had they knew this would occur.  Instead, again, the defense is unable to "unring" the bell of representing to the jury that the defendant would be presenting evidence of her sexual assault.  The defendant believed the ruling on the BB gun was independent of this.  Indeed, nothing in the rulings on these two separate evidentiary issues (the subject of two separate motions in limine, and separate argument)—the sexual assault and the BB gun—seemed to implicate the other.  The defense has been inadvertently hamstrung in making pretrial and trial decisions on the basis of this reasonable assumption.  *See, e.g., United States v. Bagley*, 473 U.S. 667, 682-683 (1985).

Taking all the circumstances into consideration, there is a manifest necessity for a mistrial or the ends of public justice would otherwise be defeated.  Under the manifest-necessity standard, "a trial can be discontinued when particular circumstances manifest a necessity for so doing, and when failure to discontinue and when failure to discontinue would defeat the ends of justice.  *See Gouveia v. Espinda*, 926 F.3d 1102 (9th Cir. 2019) (citing *Wade v. Hunter*, 336 U.S. 684, 689 (1949)).

If the court denies the defense motion for a mistrial, then the defense seeks to: (1) strike Shannon Pierce's testimony in its entirety, and, (2) bifurcate the trial before sending the case to the jury (separating Wade Beavers' count from the other counts).

Dated this 26th day of April, 2021.

Respectfully submitted,

LAW OFFICE OF TELIA U. WILLIAMS
/s/ Telia Mary U. Williams, Esq.
Telia Mary U. Williams, Esq.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

Gwynne R. Dumbrigue, Esq.
GRD Law Group, LTD.
1819 E. Charleston Blvd., Ste. 101
Las Vegas, Nevada 89104

*Attorneys for Defendant, Latonia Smith*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the following date the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

Dated: April 26, 2021

/s/ David DaSilva

_____
For the Law Office of Telia U. Williams

3