UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LATONIA SMITH,<br><br>Defendants. | Case No. 2:19-cr-00304-RFB-VCF<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Latonia Smith's Motion to Dismiss. ECF No. 188. For the reasons below the Court denies the motion.

## II. PROCEDURAL BACKGROUND

Defendant Latonia Smith was indicted on November 20, 2019. The indictment charged Smith with five counts of Mailing Threatening Communications (Title 18, U.S.C. Section 876(c)). ECF No 1. On April 12, 2021, Smith filed a motion to dismiss for failure to state a criminal claim. ECF No. 188. On April 14, 2021, Plaintiff filed a response. For the reasons below, the Court denies Defendant's motion.

## III. FACTUAL BACKROUND

Defendant Smith was charged in an indictment with five counts of mailing threating communication in violation of 18 U.S.C. § 876(c). The indictment states that the grand jury charged Defendant with knowingly and willfully causing to be delivered by the United States Postal Service, communications to injure S.R., W.B., S.B., S.P., T.G., and J.W. Defendant argues that the indictment should be dismissed because the Government cannot meet its burden to prove

that Defendant had the requisite intent to threaten and because the speech contained in the letter is entitled to First Amendment protection. The Government argues that the Motion to Dismiss should be denied because it is without merit and untimely under Rule 12 Federal Rule of Criminal Procedure, LCR 12-1 of the local rules, and this Court's Order regarding pretrial procedure.

### IV. LEGAL STANDARD

A criminal defendant may move to dismiss the indictment at any time prior to trial. In determining a motion to dismiss under Rule 12, the "court is bound by the four corners of the indictment." United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). The court must also accept the facts alleged in the indictment as true. Id. The indictment itself should be read as a whole, construed according to common sense, and interpreted to include facts which are necessarily implied. United States v. Berger, 473 F.3d 1080, 1103 (9th Cir. 2007). In determining whether a cognizable offense has been charged, the court does not consider whether the government can prove its case, only whether accepting the facts as alleged in the indictment as true, a crime has been alleged. United States v. Milovanovic, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence," which "helps ensure that the respective provinces of the judge and jury are respected." Boren, 278 F.3d at 914 (citation omitted). A defendant may not challenge a facially-sufficient indictment on the ground that the allegations are not supported by adequate evidence. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

### V. DISCUSSION

Defendant argues that the letters she allegedly sent do not amount to a true threat in violation of 18 U.S.C. §876(c) and therefore, the case against Defendant should not proceed to a jury. This Court disagrees. Under the explicit language of the statute, a violation of 18 U.S.C. § 876(c) has two elements: (1) the defendant's letter contained a threat to kidnap or injure, and (2) the defendant knowingly caused the letter to be deposited in the mail. United States v. De La Fuente, 353 F.3d 766, 770 (9th Cir. 2003). However, this statute must also be interpreted with the commands of the First Amendment clearly in mind. United States v. Keyser, 704 F.3d 631, 638 (9th Cir. 2012). Threats generally are not entitled to First Amendment protection. Watts v.

United States, 394 U.S. 705, 707 (1969). When determining whether a particular statement is a threat, courts apply an objective standard. Keyser, 704 F.3d at 638. Courts consider "whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." Id. To be subject to criminal liability for a threat, the speaker must subjectively intend to threaten, however, it is not necessary that the speaker intend to follow through on the threat, commit an assault, or inflict actual physical harm. Id. Intimidation is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death. Virginia v. Black, 538 U.S. 343, 360 (2003). Alleged threats should be considered in light of their entire factual context, including the surrounding events, reaction of the listeners, and whether the words are conditional. Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists, 290 F.3d 1058, 1074 (9th Cir. 2002); United States v. Bagdasarian, 652 F.3d 1113, 1125 (9th Cir. 2011).

Here, the Court accepts the facts alleged in the indictment as true and finds that the indictment sufficiently alleges a cognizable offense for each count. Specifically, the Court finds that the language in the indictment sufficiently alleges cognizable claims under 18 U.S.C. §876(c). The Court does not find, however, that the indictment must contain the specific language that the Defendant "subjectively intended" for the communication to be understood as a "true threat." Berger, 473 F.3d at 1103. The explanation of the elements for the offense in detail occurs at trial with jury instructions and is not required in an indictment. As the Court finds that the indictment has sufficiently alleged a crime under Section 876(c), the Court denies the motion to dismiss.

The Court declines to accept the Defendant's invitation to essentially review and weigh the sufficiency of the evidence in this case. This is not the proper inquiry or appropriate standard for a pre-trial motion to dismiss the indictment. Boren, 278 F.3d at 914. The Court's inquiry here must be limited to the "four corners of the indictment." Id. Based upon this inquiry, the Court does not find a basis to grant the motion.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Latonia Smith's Motion to Dismiss (ECF No. 188) is **DENIED**.

DATED: April 29, 2021.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**