

_____FILED          _____RECEIVED
_____ENTERED        _____SERVED ON
          COUNSEL/PARTIES OF RECORD

APR 29, 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:19-cr-00304-RFB-VCF |
| Plaintiff, | **JURY INSTRUCTIONS** |
| v. | |
| LATONIA SMITH, | |
| Defendant. | |

1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## CHARGES AGAINST THE DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

## REASONABLE DOUBT—DEFINED

In this trial, the government has the burden of proving each of charges against Ms. Smith beyond a reasonable doubt.  This burden never shifts to Ms. Smith to prove her innocence or to prove she is not guilty. The burden is always on the government to prove the charges beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based on speculation, suspicion or conjecture. It may arise from a careful and impartial consideration of all the evidence, or a reasonable doubt may arise from lack of evidence.

A reasonable doubt is the kind of doubt that would make a person hesitate to act.

It is not required, however, that the government prove guilt beyond all possible doubt.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## MAIL TRAMSISSION OF THREAT TO INJURE – 18 U.S.C. § 876(c)

Ms. Smith is charged with five Counts of mailing threatening communications in violation of federal law.

<u>Count One</u>: In this count Ms. Smith is charged with mailing a threatening communication to Samantha Radak on or about August 11, 2018. This communication included the language: "yo[u] do not deserve the air you breath".

<u>Count Two</u>: In this count, Ms. Smith is charged with mailing a threatening communication to Wade Beavers and Shawna Braselton on or about April 25, 2019. This communication included the language: "[c]ongratulations you have just been added to the hit list".

<u>Count Three</u>: In this count, Ms. Smith is charged with mailing a threatening communication to Shannon Pierce on or about September 30, 2019. This communication included the language: "[y]our throat will be slit".

<u>Count Four</u>: In this count, Ms. Smith is charged with mailing a threatening communication to Tyre Gray on or about September 30, 2019. This communication included the language: "[y]our throat will be slit".

<u>Count Five</u>: In this count, Ms. Smith is charged with mailing a threatening communication to Jean Wirthlin on or about October 1, 2019. This communication included the language: "[y]our throat will be slit".

In order for Ms. Smith to be found guilty in this case on any of the counts, the government must prove beyond a reasonable doubt that:

1.) Ms. Smith sent the communication in question through the mail or caused the communication to be sent through the mail,

2.) Ms. Smith actually intended for the communication to be understood or perceived as a threat or believed that the communication would be understood or perceived as a threat to injure the receiver of the communication or another person, and

3.) a person receiving the communication would have understood or perceived the communication to be a threat to injure the receiver of the communication or another person.

In considering whether or not the receiver of the communication would have understood the communication to be a threat to injure the receiver or another person you may but are not required to consider the context in which the communication was received.

It is not necessary that the government prove that a defendant intended to carry out the threat or that she had the present ability to carry out the threat.

The government must prove each and every one of the elements I have just described beyond a reasonable doubt.  As I explained a reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty of a particular count or offense, it is your duty to find the defendant not guilty on that count or offense. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of a particular count or offense, it is your duty to find the defendant guilty on that particular count or offense.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact. Before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1) Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. Some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

(3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

At times in this trial, I have admitted evidence for a limited purpose. When you consider this evidence, you must only consider this evidence for the limited purpose for which it was admitted.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**ACTIVITIES NOT CHARGED**

You are here to only to determine whether Ms. Smith is guilty or not guilty of the five charges in the indictment before you. Ms. Smith is not on trial for any conduct or offense not charged in the indictment.

## STATEMENT OF THE DEFENDANT

You have heard testimony that Ms. Smith made statements. It is for you to decide (1) whether she made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which Ms. Smith may have made them.

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide if Ms. Smith is convicted of any of the counts. You may not consider punishment in deciding whether the government has proved its case against Ms. Smith beyond a reasonable doubt.

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. The counts are identified separately in the indictment which will be provided to you. The indictment is provided to you to aid you in identifying the counts charged but please remember the indictment is not evidence. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## EXPERT WITNESS TESTIMONY

You have heard expert testimony from Mr. Pete Gonzalez and Mr. Michael Holpuch who testified to both facts and opinions and the reasons for their opinions. This opinion testimony is allowed because of their education or experience.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom. She or he should write in your decisions in the blank provided and place an "x" next to the corresponding decision below.