Ryan T. Okabe CSB#215964
Law Offices of Okabe and Haushalter
1230 Rosecrans Ave, Suite 300
Manhattan Beach, Ca. 90266
(310) 543-7708 Email: ryan@southbaylawyer.com

Mark J. Haushalter  CSB##208935
Law Offices of Okabe and Haushalter
1230 Rosecrans Ave, Suite 300
Manhattan Beach, Ca. 90266
(310) 543-7708 Email: mark@southbaylawyer.com

Brian A. Newman CSB#89975
for Law Offices of Okabe & Haushalter
3838 Carson Street, Suite 302/300,
Torrance, CA 90503
(424) 275-4014
Email):  Jjnewbee.newman@gmail.com

Attorneys for Defendant
LATONIA SMITH

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>LATONIA SMITH,<br><br>  Defendant. | Case No.: **2:19-CR-00304-RFB-VCF-1**<br><br>**NOTICE OF MOTION AND MOTION FOR NEW TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>HEARING DATE: December 16, 2021<br>TIME: 10:00 am<br>HON. Richard F. Boulware, II |

//

//

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ASSISTANT UNITED STATES ATTORNEY, :

PLEASE TAKE NOTICE that on December 16, 2021 at 10:00 am, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Richard Franklin Boulware, II, United States District Court, 333 Las Vegas Boulevard, South, Las Vegas, Nevada, 89101, Latonia Smith, Defendant in the above entitled action, by her undersigned attorneys, will, and hereby does, ask the Court to enter an Order for a New Trial,

This motion is based upon the attached memorandum of points and authorities, the attached Declaration of Brian A. Newman, all files and records in this case, the attached declaration of Latonia Smith, attached exhibits, and upon such evidence as the Court permits counsel to present at the hearing on this motion.

Dated this 30TH day of November, 2021          Respectfully Submitted,

/s/ Brian A. Newman
Brian A. Newman for
Law Offices of
Okabe & Haushalter
Attorneys for Defendant
Latonia Smith

## MEMORANDUM OF POINTS AND AUTHORITIES

Latonia Smith's lawyers inexplicably and unjustifiably failed to move to suppress items seized without a warrant. Because the Government used the unconstitutionally seized items as the cornerstone of their prosecution of Ms. Smith, she is entitled to a new trial.

## STATEMENT OF FACTS

After postal inspectors obtained a warrant on October 29, 2019 to search of the home where Latonia Smith resided with Sylvia John and Annecer John Peruzar, law enforcement were informed that Ms. Smith traveled from Las Vegas to Reno and confronted someone with what was believed to be a handgun. Law enforcement thereupon applied "to supplement the list of items to be seized as found in the Warrant authorized on October 29, 2019" by authorizing them to search for and seize "cellular telephone devices." EXHIBIT A  (Bates 884); EXHIBIT B (Bates 873).[1]

Having applied for the warrant, law enforcement did not wait to find out whether a neutral and detached magistrate would grant it. At 9:32 p.m. on November 1, 2019, postal inspectors invaded Ms. Smith's home and seized a replica air gun and numerous cell phones. EXHIBIT C  (Bates 886). For one hour and 20 minutes, law enforcement conducted an exhaustive search of Ms. Smith's home, pulling drawers out of cabinets and throwing their contents on the floor, before finally leaving shortly before 10:52 p.m. EXHIBIT C  (Bates 886). At the time of the search, no warrant had been issued authorizing the seizure of the replica air gun or cell phones.[2]

---

[1] The supplemental warrant also sought authority to seize "any firearm or ammunition." EXHIBIT B  (Bates 870); EXHIBIT A (Bates 884).

[2] The supplemental warrant was not issued until 11:32 p.m. EXHIBIT B  (Bates 870).

3

Inexplicably, trial counsel never moved to suppress the materials seized without a warrant. Unhindered by any judicial ruling, the prosecution made extensive use of the unlawfully seized materials at trial.

## ARGUMENT

Federal Rule of Criminal Procedure grants the Court power to "vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a).

A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). If the court determines "that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992).

The Supreme Court has instructed that "if the right to counsel guaranteed by the Constitution is to serve its purpose . . . , judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). "The task of safeguarding the rights of criminal defendants ultimately rests with the experienced men and women who preside in our district courts." *Alston*, 974 F.2d at 1213.

**1.   Trial Counsel Performed Deficiently by Failing to Move to Suppress the Warrantless Seizures**

To establish that counsel's performance was deficient, a defendant need only show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Although counsel generally has the "duty to bring to bear such skill and

knowledge as will render the trial a reliable adversarial testing process," ultimately, the "proper measure" is "simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 668.

It is a "'basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.'" *Groh v. Ramirez*, 540 U.S. 551, 559 (2004), quoting *Payton v. New York*, 445 U.S. 573, 586 (1980).  Accord *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009) ("A warrantless search is unconstitutional unless the government demonstrates that it falls within certain established and well-defined exceptions to the warrant clause.").

The mere existence of *a* warrant is not controlling.  "A warranted search is unreasonable if it exceeds in scope or intensity the terms of the warrant." *United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991).  Accord *United States v. Ramirez*, 976 F.3d 946, 952 (9th Cir. 2020) ("a search or seizure pursuant to an otherwise valid warrant is unreasonable under the Fourth Amendment . . . [if] it exceeds the scope of that warrant.").

The second warrant was sought precisely because the first warrant did not authorize the seizure of items resembling cell phones.  Because the officers seized cell phones without the authority of a judicial warrant, their seizure was unconstitutional and should have been suppressed.

Trial counsel's failure "to seek to suppress evidence based on a violation of [Ms. Smith's] Fourth Amendment rights is beyond the pale of an objectively reasonable strategy.  The application of the fundamental principles of Fourth Amendment case law to [Ms. Smith's] situation should have been apparent to his trial counsel." *Gentry v. Sevier*, 597 F.3d 838, 851-52 (7th Cir. 2010).  The Ninth Circuit has recognized that counsel performs deficiently when there can be "no legitimate reason for [Ms. Smith's] trial counsel not to have raised [an] obvious" suppression motion. *United States v. Liu*, 731 F.3d 982, 998 (9th Cir.

5

2013).  "[F]orfeit[ing] a compelling ground for excluding evidence essential to convict his client [is] a blunder of the first magnitude." *Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004).

Trial counsel's failure to move to suppress the cell phones and replica gun was deficient.

**2.     Trial Counsel's Failure to Move to Suppress Was Prejudicial**

In this context, prejudice is established by showing that, "had the motion been filed, there was a reasonable probability that the evidence would have been suppressed, and the outcome of the trial would have been different had the evidence been suppressed." *Lowry v. Lewis*, 21 F.3d 344, 346-47 (9th Cir. 1994).  Accord *Belmontes v. Brown*, 414 F.3d 1094, 1121 (9th Cir. 2005), rev'd on other grounds, *Ayers v. Belmontes*, 549 U.S. 7 (2006); *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Here, the search was presumptively unconstitutional and nothing in the record detracts from the obvious conclusion that there is, at a minimum, a "reasonable probability that the evidence would have been suppressed." *Lowry*, 21 F.3d at 346-47.

The evidence that should have been suppressed was the centerpiece of the prosecution's case.  Two of the prosecution's nine witnesses provided extensive evidence about the seizure of Ms. Smith's cell phone and the contents found thereon, R.T. 4/26/21, at 155-82; R.T. 4/27/21, 8-106, highlighted in opening statement that "the key thing that came out of that search was they recovered [Ms. Smith's] iPhone" and, from searching the phone, "they found a few more key pieces of evidence." R.T. 4/23/21, at 49-51.  And, again, during summation and closing argument, the prosecution extensively relied on evidence seized from the phone which it again characterized as "key" to its case.  R.T. 4/29/21, at 53-59, 61, 84-86.

Because there is a reasonable probability that the cell phone evidence would have been suppressed and of a different result at trial had the cell phone evidence been suppressed, trial counsel's failure to move to suppress was prejudicial.

## CONCLUSION

Because trial counsel's unreasonable failure to move to suppress the warrantless seizure of Ms. Smith's cell phone undermined the fairness of the proceedings, the Court should grant her a motion trial.

Dated this 30th day of November, 2021         Respectfully Submitted,

                                              */s/  Brian Newman*
                                              Brian A. Newman for
                                              Law Offices of
                                              Okabe & Haushalter
                                              Attorneys for Defendant
                                              Latonia Smith

## DECLARATION OF BRIAN A. NEWMAN

I, Brian A. Newman, declare:

1. I am an attorney duly licensed and authorized to practice law by the State of California. I am admitted to practice before this Court *pro hac vice*. I am counsel for the defendant Latonia Smith. I make this declaration in support of Ms. Smith's Motion for New Trial. The facts contained in this declaration are true based on the records on file in this case, are personally known to be to be true, or I am informed and believe them to be true. If called as a witness, I could and would competently testify thereto.

1. The facts contained in the accompanying motion are true.

2. Attached hereto as EXHIBIT A is a true copy of the application for a search warrant, along with the supporting affidavit of Justin Steele, produced by the Government in discovery as Bates 000874 through 000884.

3. Attached hereto as EXHIBIT B is a true copy of the November 1, 2019 search warrant, along with attachments A and B, produced by the Government in discovery as Bates 000870 through 000873.

4. Attached hereto as EXHIBIT C is a true copy of the inventory of property seized pursuant to the search warrant, produced by the Government in discovery as Bates 000885 and 000886.

5. The foregoing items were contained in the file produced to me by predecessor counsel along with a receipt for the foregoing discovery signed on October 13, 2020, reflecting that they had been produced on October 6, 2020.

I declare under penalty of perjury that the foregoing is true and that this declaration was executed this 30th day of November, 2021, at Torrance, California.

<u>Brian A. Newman</u>
BRIAN A. NEWMAN