CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
STEVEN W. MYHRE
Nevada Bar No. 9635
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steven.Myhre@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LATONIA SMITH,<br><br>　　　　　　Defendant. | No. 2:19-cr-00304-RFB-VCF<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FOR NEW TRIAL (ECF No. 261)** |

This Response is timely filed.

The Motion should be denied because the defendant filed it out of time, fails to establish a clear record for raising an ineffective assistance of counsel ("IAC") claim, and fails to make any showing under *Strickland* that a motion to suppress would have made any difference in the outcome of the trial. Rule 33 does not provide a vehicle for the defendant to make a record regarding performance of counsel – the usual vehicle for that is a petition filed under 28 U.S.C. Section 2255. The Motion should be denied.

MEMORANDUM OF POINTS AND AUTHORITIES

A.   **Facts and Procedural Posture.**

On November 20, 2019, a grand jury in Las Vegas, Nevada, returned a Criminal Indictment against the defendant charging five counts of Mailing Threatening Communications, in violation of Title 18, United States Code, Section 876(c). Each count in the Indictment charged specific threats to injure either the recipient of the communication or another, referencing the date of the alleged communications and the language comprising the threats.

The defendant was arrested on November 1, 2019, and detained pending trial. After numerous pretrial proceedings, her case was tried to a jury commencing on April 22, 2021. ECF No. 215. The jury returned a verdict of guilty on all counts in the Indictment on April 29, 2021. ECF No. 234.  The verdict was entered the same day. *Id.*  Sentencing is set for January 22, 2022.  ECF No. 265.

On November 30, 2021, seven months after the entry of the verdict in this case, defendant filed a Motion for New Trial under Rule 33, Federal Rules of Criminal Procedure (ECF No. 261) ("Motion"). Her Motion claims that she is entitled to a new trial because her trial defense counsel failed to file a pretrial motion to suppress evidence adduced from a residential search, thereby supposedly denying her effective assistance of counsel in violation of the Sixth Amendment. The government now files this Response in Opposition.  For the reasons explained below, the Motion should be denied.

B.  **Legal Standard**.

Rule 33(b) of the Federal Rules of Criminal Procedure requires that "[a]ny motion for a new trial grounded on any reason *other than newly discovered* evidence must be filed within 14 days after the verdict or finding of guilty." Ineffective assistance of counsel

("IAC") claims are "not newly discovered evidence" under Rule 33, and thus are subject to the 14-day rule. *United States v. Hanoum*, 33 F.3d 1128, 1130-31 (9th Cir. 1994).

The 14-day rule is an "inflexible claim-processing rule" and "assure[s] relief to a party properly raising [it]." *See Eberhart v. United States*, 546 U.S. 12, 19 (2005) (interpreting Rule 33(b)'s then 7-day rule before 2009 amendment extending time period to 14 days). While the time limitations are forfeitable if not timely raised by the government, once invoked, "district courts must observe the clear limits of the Rules of Criminal Procedure." *Id.* at 17.

The defendant bears the burden of demonstrating grounds for a new trial. *See United States v. Joelson*, 7 F.3d 174, 178 (9th Cir. 1993). When reviewing a motion for new trial based on an IAC claim, the record must be "sufficiently developed to permit review and determination of the issue . . . that the legal representation is so inadequate that is obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013). The district court does not abuse its discretion in denying an IAC claim where the ineffectiveness is **not** "apparent on the record." *See United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012) (rejecting direct appeal of IAC claim where the record did not provide opportunity for defendant's counsel to explain actions). As a general rule, courts review IAC claims in habeas corpus proceedings under 28 U.S.C. Section 2255 and not on direct appeal. *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010) (record insufficient where "defense counsel had no [ ] opportunity to explain his actions").

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984) established the standard for demonstrating constitutionally ineffective assistance of counsel. Under *Strickland*, the petitioner must show that (1) "the counsel's performance was

deficient," that is, that it "fell below and objective standard of reasonableness under prevailing professional norms;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 687-88.

The standards created by *Strickland* are "highly deferential." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (review of habeas proceedings finding no IAC in failing to call expert witness refusing to apply "harsh light of hindsight" to cast doubt on a trial result). "Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach." *Id.*  A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (internal quotations and citations omitted).

### Argument.

The Court should deny the Rule 33 Motion for the following reasons.

- **The Motion is untimely**.

The untimeliness of the Motion alone is dispositive. The jury's guilty verdicts were entered on April 29, 2021. ECF No. 234. The Rule 33 Motion was not filed until November 30, 2021, seven months after the entry of verdict. ECF No. 261.  IAC claims are **not** new evidence under Rule 33(b)(1) and, to the extent they can be raised at all on a Rule 33 motion (see discussion below), they are considered only under Rule 33(b)(2). Rule 33(b)(2) requires that any Rule 33 Motion be filed within fourteen days of the entry of verdict. *See United States v. Allen*, 153 F.3d 1037, 1045 (9th Cir. 1998) (affirming dismissal of Rule 33 IAC claim based on lack of timeliness); *accord, Hanoum*, 33 F.3d at 1130-31.

The 14-day rule is an "inflexible claim-processing rule" and "assure[s] relief to a party properly raising [it]." *See Eberhart*. Because this Motion was filed *more than fourteen (14)* days after the entry of verdict, it is untimely and must be dismissed.

- **The Court Cannot Decide Any IAC Claim On This Record And There Is Nothing In Rule 33 That Allows For Developing A Record.**

At the threshold, Ninth Circuit law recognizes that IOC claims are best raised in a 2255 Petition and not on a Rule 33 Motion. *See Moreland*, 622 F.3d at 1157. Rule 33 presents a binary choice of either a new trial or no new trial based on a developed record. The government has found no case where Rule 33 allows for taking evidence on an IAC claim. To the contrary, the case law requires that any IAC claim brought on a direct appeal must be "clear" and "apparent from the record." *See McGowan*, 668 F.3d at 605.

Here, no record has been developed to show either deficient performance of counsel or prejudice as a result with respect to any motion to suppress. Defendant states only conclusory allegations without any supporting facts or record evidence from which to derive the facts. She claims, for example, that agents: "invaded [her] home" "conducted an exhaustive search" "did not wait to find out whether a neutral and detached magistrate would grant [a search warrant]" "pull[ed] drawers out of cabinets" "[threw] their contents on the floor" among many other things, characterizing the seizure of evidence as unlawful. *See* Motion at 3.

None of those claims, however, is supported by anything in the record. While her Motion attaches documents produced in discovery, none of those is part of this record and certainly none of them is explained by anything in the record. If the defendant wishes to attempt to develop a record in support of her conclusions, she must do so on a 2255 Petition and not a Rule 33 motion.

The Motion should, therefore, be denied.

- **The Defendant Fails to Establish Any Claim Under *Strickland* Because She Does Not Prove That a Motion to Suppress Would Have Been Successful.**

Aside from failing to present a clear record, the defendant fails to overcome the strong presumption under *Strickland* that her counsel's representation was within the "wide range of reasonable professional assistance" or that any errors would have made any difference in the outcome of the proceedings. To this end, the defendant fails to make any showing either that the standard of the profession required that counsel should have filed a motion to suppress *or* that had a motion to suppress been filed, it would have been successful.

Defendant cites to *Liu*[1] for the proposition that a suppression motion should "obvious[ly]" be made and that there "can be "no reason" for not raising it and that the failure to file one was a "blunder of the first magnitude." Mot. at 5-6. None of those statements reflects a standard of the profession that is compelled by *Liu*.

*Liu* addressed neither a motion to suppress nor a motion for a new trial. *Liu* was a direct appeal raising an IOC claim where, according to the Ninth Circuit, the Indictment clearly showed that the alleged conduct was outside the five-year statute of limitations, an issue not presented here at all. In sum, there is no professional standard that requires that trial defense counsel file a motion to suppress in every case, or any case for that matter, and defendant fails to cite to any.

Further, to meet the second prong of *Srickland*, the defendant must prove that her motion would have been *granted. See, e.g., Owens v. United States,* 387 F.3d 607, 609 (7th Cir. 2004) (2255 petition where record showed that failure to assert standing found deficient where motion to suppress would have been granted had defense counsel known the rule on standing);

---

[1] *United States v. Liu,* 731 F.3d 982 (9th Cir. 2013).

*Gentry v. Sevier*, 597 F.3d 838, 851 (record on 2255 petition showed that had a motion to suppress "would not have been futile"); *accord*, *Shell v. United States,* 448 F.3d 951, 955 (7th Cir. 2006) (stating that "[w]hen the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, we have required that a defendant *prove* the motion was meritorious") (internal citations and quotations omitted).

      Here, the Court suppressed the evidence of the gun before trial; thus, any motion to suppress as to the gun would not have changed the outcome of the trial. As to the phone, the defendant has not *proved* that the Court would have suppressed the phone had a motion to suppress been filed.  She asserts – without supporting evidence – only that there "would have been a reasonable probability that the evidence would have been suppressed" had a motion to suppress been filed. Mot. at 6.  This is woefully inadequate. Accordingly, the Motion fails for failure of proof as well.

      In sum, the defendant fails to present a record that clearly shows that any motion to suppress either should have been filed or that it would have been successful if it had. Rule 33 does not provide the vehicle for the defendant to develop a record to support her claim; the appropriate vehicle for that is to file a petition under 28 U.S.C. Section 2255. Accordingly, the Motion should be denied.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court enter an Order, denying the defendant's Rule 33 Motion.

**DATED** this 14th day of December 2021.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/ *Steven Myhre*
_____
STEVEN W. MYHRE
Assistant United States Attorney
*Attorneys for the United States*