Ryan T. Okabe CSB#215964
Law Offices of Okabe and Haushalter
1230 Rosecrans Ave, Suite 300
Manhattan Beach, Ca. 90266
(310) 543-7708 Email: ryan@southbaylawyer.com

Mark J. Haushalter  CSB##208935
Law Offices of Okabe and Haushalter
1230 Rosecrans Ave, Suite 300
Manhattan Beach, Ca. 90266
(310) 543-7708 Email: mark@southbaylawyer.com

Brian A. Newman CSB#89975
for Law Offices of Okabe & Haushalter
3838 Carson Street, Suite 302/300,
Torrance, CA 90503
(424) 275-4014
Email): Jjnewbee.newman@gmail.com

Attorneys for Defendant
LATONIA SMITH

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LATONIA SMITH,<br><br>　　　　　Defendant. | Case No.: **2:19-CR-00304-RFB-VCF-1**<br><br>**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>HEARING DATE: January 20, 2022<br>TIME: 9:00 am<br>HON. Richard F. Boulware, II |

//

//

1

1     TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO
2 ASSISTANT UNITED STATES ATTORNEY, :
3     This Reply is based upon the attached memorandum of points and
4 authorities, all files and records in this case, and upon such evidence as the Court
5 permits counsel to present at the hearing on this motion.

7 Dated this 7th day of January, 2022    Respectfully Submitted,

*/s/ Brian A. Newman*
Brian A. Newman for
Law Offices of
Okabe & Haushalter
Attorneys for Defendant
Latonia Smith

## MEMORANDUM OF POINTS AND AUTHORITIES

The Government's implicit concessions in its qualified opposition establish that Ms. Smith is entitled to a new trial. Despite being prominently highlighted in the motion, the Government does not dispute and implicitly concedes:

The Government obtained evidence from Ms. Smith's cell phone without a warrant or any applicable exception to the warrant requirement; no justification, let alone a reasonable tactical or strategic decision, supports trial counsel's failure to move to suppress; the seizure violated Ms. Smith's Fourth Amendment rights and the violation should have been obvious to reasonably competent criminal defense counsel; and the Government made extensive use of the illegally obtained evidence at trial.

The Government disregards the operative standard that the prejudice prong of an ineffective assistance of counsel claim requires only a "reasonable probability of a different result." But even under the more exacting standard advocated by the Government (contrary to long-standing Supreme Court and circuit precedent), the Government identifies no legal basis why Ms. Smith's motion was not meritorious as a matter of law. Having exploited the illegally obtained evidence, the Government cannot escape the taint.

The record is adequately developed. The Government identifies nothing that is missing from the record. Justice need not be delayed until the conclusion of appellate proceedings in order to litigate a 2255 motion.

Ms. Smith's motion is timely, having been presented by the first non-conflicted lawyer who was in a position to raise the ineffective assistance claim on Ms. Smith's behalf.

### TIMELINESS ISSUE

The timeliness rule is not jurisdictional. Therefore, Rule 45 authorizes extensions for good cause. Here, the 14 day limit was expired by trial counsel who, we believe, may have committed ineffective assistance of counsel in connection with the underlying trial.

Obviously, then defense trial counsel could not raise their own ineffective assistance of counsel . Once the default is justified, the time to file would just be 'reasonableness under the circumstances'.

The Supreme Court's last word on the timeliness issue was that timing, although not jurisdictional, was mandatory and required the motion be denied if the government raised timeliness. *Eberhart v. United States*, 546 U.S. 12 (2005).

After *Eberhardt*, however, Rules 33 and 45 have both been amended so that the court has authority to grant a good cause extension after the fact in situations like the present.

It is respectfully requested that this Court recognize that Ms. Smith was still represented by trial counsel who, we believe, was ineffective, when the time to file a motion for new trial expired.

## 2255 ISSUE

The Government has not identified anything missing so as to require 2255 and its inherent delays.

The Government does not deny that the search was executed and that there were items seized without a warrant and that there was no applicable exception to the warrant requirement.

The Government does not suggest any justification for failing to suppress, let alone a reasonable and plausible justification on the merits.

The defense believes there was deficient performance on behalf of the Government.

It does not matter whether the motion was to suppress evidence or whether the motion was based on a defective indictment, failure to make a motion that would have materially improved the client's litigation position is presumptively deficient. United States v. Liu, 731 F.3d 982 (9th Cir. 2013). Liu is the quintessential example, not an isolated instance.

The Government does not hypothesize any reason, let alone a reasonable, plausible, strategic or tactical justification for not seeking to make a motion to suppress.

**PREJUDICE**

The legal standard is "reasonable probability" of a different result, the legal standard is not that the motion would have been granted.

The Seventh Circuit is not the operative standard in the Ninth Circuit. Even under a more demanding standard, Ms. Smith prevails as the Government has not identified any reason why the motion would not have been granted.

The Government does not deny there was no warrant to seize Ms. Smith's phones nor does the Government provide an applicable exception.

The Government does not dispute that it extensively exploited at trial the evidence it obtained without a warrant, such that the admission of the evidence that should have been suppressed was prejudicial against Ms. Smith.

**CONCLUSION**

Because trial counsel's unreasonable failure to move to suppress the warrantless seizure of Ms. Smith's cell phone undermined the fairness of the proceedings, the Court should grant her a motion trial.

Dated this 7th day of January, 2022     Respectfully Submitted,

*/s/ Brian A. Newman*
Brian A. Newman for
Law Offices of
Okabe & Haushalter
Attorneys for Defendant
Latonia Smith